**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>VICOR CORPORATION, a Delaware corporation<br><br>Defendant. | C.A. No.: 1:26-cv-1846-RP<br><br>**JURY TRIAL DEMANDED** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), L.R. CV-16, and L.R. Appendix N, Plaintiff Monolithic Power Systems, Inc. ("MPS" or "Plaintiff") and Defendant Vicor Corporation ("Vicor" or "Defendant") (collectively, the "Parties") jointly submit their report of the Rule 26(f) Conference.

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

MPS Response: MPS has pled five counts against Vicor.

- Count I: Vicor misappropriated MPS's trade secrets in violation of the Defend Trade Secrets Act (18 U.S.C. § 1836). MPS owns trade secrets used in and intended for use in interstate commerce, including the confidential, non-public Trade Secret Datasheet for the never-released MPC12109-F and the non-public MPC12109 sample. Vicor misappropriated those trade secrets by acquiring them through unauthorized channels, knowing they were confidential, disclosing them without authorization, and using them.
- Count II: Vicor misappropriated MPS's trade secrets in violation of the Texas Uniform Trade Secrets Act. Vicor's acquisition and use of the Trade Secret Datasheet and the

MPC12109 sample, as set out in Count I, likewise constitutes misappropriation of MPS's trade secrets under Texas law, and that misappropriation was willful and malicious.

- Count III: Vicor tortiously interfered with MPS's existing Non-Disclosure Agreements by inducing their breach to obtain MPS's trade secrets. MPS has entered into Non-Disclosure Agreements ("NDAs") that govern its confidential information, including NDAs between MPS and a Confidential Third Party, as well as amongst said Confidential Third Party's manufacturing partners relating to the production of the MPC12109-F products, which govern the Trade Secret Datasheet, and an NDA governing the highly confidential and non-public MPC12109 sample. Vicor willfully and intentionally induced the breach of these NDAs.
- Count IV: Vicor tortiously interfered with MPS's prospective business relations. Vicor used its misappropriated trade secrets to file a request under 19 C.F.R. § 177.2 which caused customers, such as Quanta to stop incorporating MPS products into its customers' products, damaging MPS.
- Count V: Vicor engaged in unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A §§ 2 and 11. Vicor is engaged in trade or commerce in Massachusetts, where its executives directed and implemented the scheme to obtain and exploit MPS's trade secrets; that conduct constitutes unfair or deceptive acts or practices; and it caused MPS resulting injury.

<u>Vicor Response:</u> Vicor has not yet filed an answer, pleaded affirmative defenses, or asserted counterclaims. Vicor has moved to dismiss MPS's First Amended Complaint in its entirety under Rule 12(b)(6) because: (1) *Noerr-Pennington* immunity and the absolute judicial privilege bar claims based on Vicor's protected petitioning and filings; (2) MPS fails to sufficiently identify its

alleged trade secrets or plausibly plead actionable misappropriation; (3) TUTSA preempts MPS's tortious-interference claims, and those claims independently fail to state a claim; and (4) MPS fails to allege that the challenged conduct occurred primarily and substantially in Massachusetts, as required by Chapter 93A. Vicor's motion to dismiss remains pending.

**2. Are there any outstanding jurisdictional issues?**

None at this time.

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

None at this time.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

MPS's position is that no issues can be narrowed by agreement or motion at this time because the court should deny Vicor's motion to dismiss. Vicor's pending motion to dismiss, if granted, would eliminate or narrow the issues in this case. The motion raises threshold issues concerning *Noerr-Pennington* immunity, the judicial privilege, TUTSA preemption, and the sufficiency of MPS's allegations.

**6. Are there any issues about preservation of discoverable information?**

None at this time.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The Parties anticipate making a proposal for an electronically stored information order and will work together in good faith toward proposing such an order to the Court.

**8. What are the subjects on which discovery may be needed?**

MPS anticipates it will seek the following discovery from Vicor:

- Discovery, including electronically stored information such as communications, regarding the acquisition of the Trade Secret Datasheet and MPC12109 sample.
- Discovery, including electronically stored information such as communications, regarding from MPS employee and now Vicor employe Derek Lee's conduct and communications, including Vicor's knowledge of the same.
- Discovery, including electronically stored information such as communications, regarding Vicor's internal use of the misappropriated information.
- Discovery, including electronically stored information such as communications, regarding removal of confidentiality markings.
- Discovery, including electronically stored information such as communications, regarding Vicor's licensing revenue.
- Discovery, including electronically stored information such as communications, regarding Vicor attempts to access MPS information.
- Discovery, including electronically stored information such as communications, regarding Vicor's decision-making process to file suit against MPS based

on information obtained via trade secret misappropriation.

- Discovery, including electronically stored information such as communications, regarding the damages that MPS has sustained as a result of Vicor's trade secret misappropriation, tortious interference, and unfair and deceptive business practices.

To the extent any claims survive Vicor's pending motion to dismiss, Vicor anticipates that discovery may be needed on at least the following subjects:

- The identification, ownership, secrecy, and economic value of each alleged trade secret, including how it differs from publicly available information.
- MPS's efforts to maintain the secrecy of the alleged trade secrets, including the alleged confidentiality and non-disclosure agreements, distribution practices and access restrictions.
- The factual bases for MPS's allegations that Vicor improperly acquired, used, or disclosed MPS's alleged trade secrets, including its allegations concerning Derek Lee.
- The contracts and prospective business relationships allegedly interfered with, including the obligations allegedly breached and the business opportunities allegedly lost.
- MPS's communications with customers and partners concerning Vicor's patent enforcement proceedings, and the nature, timing, and circumstances of any changes in those relationships.
- The location of the challenged conduct and injuries underlying MPS's Chapter 93A claim, including their alleged connection to Massachusetts.
- The nature, causation, amount, and calculation of MPS's alleged damages.

- The factual bases for MPS's requested injunctive relief.

Vicor reserves any and all objections to MPS's proposed discovery subjects.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Initial disclosures have not yet been made. MPS proposes that the Parties exchange initial disclosures in compliance with Rule 26(a)(1)(A) within 14 days after the Rule 26(f) conference, pursuant to Rule 26(a)(1)(C). Vicor proposes deferring discovery, including initial disclosures, and intends to seek a stay of discovery pending resolution of its motion to dismiss. MPS intends to oppose any motion to stay filed by Vicor.

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

No discovery has been completed at this time. MPS proposes that the Parties anticipate completion of discovery on **October 7, 2027**. Vicor proposes deferring discovery and intends to seek a stay of discovery pending resolution of its motion to dismiss. MPS intends to oppose any motion to stay filed by Vicor.

**11. What, if any, discovery disputes exist?**

Vicor proposes deferring discovery and intends to seek a stay of discovery pending resolution of its motion to dismiss. MPS opposes such a motion and seeks to start fact discovery in accordance with the court's schedule.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

Vicor proposes deferring discovery and intends to seek a stay of discovery pending resolution of its motion to dismiss. MPS intends to oppose any motion to stay filed by Vicor. If discovery proceeds, the Parties intend to address potential issues concerning the waiver of privilege or work-product protection, including the inadvertent production of privileged materials, under Federal Rule of Evidence 502(d) in a proposed protective order, which the Parties will work together in good faith to submit to the Court.

**13. Have the parties discussed early mediation?**

The Parties have discussed early mediation and do not currently believe it is necessary at this time. However, the Parties will continue to discuss early resolution of this case.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

Although the Parties are submitting a proposed scheduling order, Vicor intends to seek a stay of discovery pending resolution of its motion to dismiss. MPS intends to oppose any motion to stay filed by Vicor. If discovery proceeds, the Parties anticipate making a proposal for a protective order to protect highly sensitive design and financial information, including a Rule 502(d) Order, and will work together in good faith toward proposing such an order to the Court.

Dated: November 9, 2026

Respectfully submitted,

By: */s/ Rachel L. Gillespie*

John P. Schnurer (Texas Bar 24072628)
Ray Wu (*PHV* forthcoming)
FOLEY & LARDNER LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130
Ph: (858) 847-6700
john.schnurer@foley.com
ray.wu@foley.com

Ruben J. Rodrigues (admitted PHV)
Foley & Lardner LLP
111 Huntington Ave., Suite 2500
Boston, MA 02199-7610
Ph: 312-832-4568
Email: rrodrigues@foley.com

Rachel L. Gillespie (Texas Bar 24144005)
Foley & Lardner LLP
2021 McKinney Ave Suite 1600
Dallas, TX 75201
Ph: 214-999-3307
Email: rgillespie@foley.com

Michael Manookin (admitted PHV)
FOLEY & LARDNER LLP
95 S State Street, Suite 2500
Salt Lake City, UT 84111
Ph: (801) 401-8900
mmanookin@foley.com

*Attorneys for Plaintiff*
*Monolithic Power Systems, Inc.*

Respectfully submitted,

By: */s/ Hailey L. Suggs*
Peter D. Kennedy
State Bar No. 11296650
pkennedy@gdhm.com
Hailey L. Suggs
State Bar No. 24113497
hsuggs@gdhm.com
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512.480.5764
Fax: 512.536.9908

*Attorneys for Defendant Vicor Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 9, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF service.

*/s/ Rachel L. Gillespie*
Rachel L. Gillespie

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on November 9, 2026, counsel for Plaintiff met and conferred with counsel for Defendant and this filing is agreed.

*/s/ Ruben J. Rodrigues*
Ruben J. Rodrigues